IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Zachary Scott  Debtor | | CHAPTER 13 |
| MIDFIRST BANK  Movant  vs. | | NO. 18-10245 MDC |
| Zachary Scott  Debtor | | |
| William C. Miller Esq.  Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition advances on the mortgage held by the Movant on the Debtor's residence is $4,613.34, which breaks down as follows;

Advanced Taxes (February 2018): $2,228.37
Advanced Taxes (February 2019): $2,384.97
**Total Post-Petition Advances:** $4,613.34

2. The Debtor(s) shall cure said advances in the following manner;

a). Beginning on July 1, 2019 and continuing through January 1, 2023, until the advances are cured, Debtor(s) shall pay an installment payment of $107.29 from July 2019 to December 2022 and $107.16 for January 2023 towards the advances on or before the last day of each month at the address below;

MIDLAND MORTGAGE
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116

b). Maintenance of property taxes and property insurance to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in

writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 8, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 6-5-19

Vaughn A. Booker
Attorney for Debtor

Date: _____

William C. Miller, Esquire
Chapter 13 Trustee

*without prejudice to any trustee rights or remedies

Approved by the Court this __13th__ day of _____June_____, 2019. However, the court retains discretion regarding entry of any further order.

*Magdeline D. Coleman*

Chief Bankruptcy Judge
Magdeline D. Coleman