IN THE UNITED STATES DISTRICT BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Vaughn A. Booker, Esquire**           **Attorney for Debtor,**
**1420 Walnut Street, Suite 815**        **Zachary Scott**
**Philadelphia, Pennsylvania 19102**
**Telephone No: (215) 545-0474**
**Facsimile: (215) 545-0656**
**Attorney I.D. No: 42312**
**vbs00001@aol.com**

_____
**In Re:**                          :  Chapter 13 Bankruptcy

    **Zachary Scott**              :  No: 18-10245-MDC


_____ :

**Debtor Zachary Scott's Motion to Amend the Confirmed Chapter 13 Plan**

1. The Debtor filed this Chapter 13 Bankuptcy on January 14, 2018.

2. The purpose of the Bankruptcy filing was to catch up and prevent Mortgage Foreclosure sale pertaining to his property and residence located at 8321 Fayette Street, in Philadelphia, Pennsylvania.

3. The Mortgage Company Mid First Bank c/o Midland Mortgage filed a Proof of Claim on May 14, 2018 and **claiming arrears for a Total Debt Claim of $23,729.88.**

4. As subsequent creditors filed claims, the Debtor then **filed a Fifth Amended Plan on February 25, 2019, which stated that the Debtors new monthly payments, going forward, would be $750.06 per month, which would include a Total Debt Payment Plan of $23,729.88 for principal and $7,227.00 in Interest for a Total Debt Payment of $30,956.88. Also, the plan stated that the Debtor would be responsible for taxes and homeowners insurance going forward. (See Fifth Amended Plan attached as an Exhibit).**

5. The **Debtor's Chapter 13 Plan was confirmed on May 9, 2019.**

**6. After confirmation, the Mortgage Company Advanced Taxes** for Tax Year February 2018 in the amount of $2,228.37 and also advanced Taxes for Tax Year February 2019 in the amount of $2,384.97 **for a total Post Petition Advance of $4,613.13.**

**7. As a result of the Advance by Midland Mortgage advancement of the Taxes a Stipulation was entered into between the Debtor and the Mortgage Company. (See Stipulation as an Exhibit).**

8. That **Stipulation** was filed on June 11, 2019 and the **terms** were as follows:

**A. Beginning July 1, 2019 and continuing through January 1, 2023, <u>until the advances were cured,</u> Debtor shall pay an Installment payment of $107.29 from July 2019 to December 2022 and $107.16 for January 2023 towards the advances <u>and the Debtor was to make the advances to the address below:</u>**

Midland Mortgage<br>
999 N.W. Grand Boulevard, Suite 100<br>
Oklahoma City, OK 73118-6116

**9. However, <u>Debtor misunderstand Debtor's Attorney when explaining the Stipulation and then began to make all of his payments directly to Midland Mortgage</u>, including the $750.06 per month plus $107.29 (for the Advanced Taxes) <u>instead of making and keeping his Trustee Payments in accordance with his confirmed Chapter 13 Plan.</u>**

10. The **Debtor had not been making payments directly to the Trustee s because he made all of his payments directly to Midland Mortgage.**

**12. Once I brought the mistake to the Debtor's attention** and also the filing of the Trustee's Motion to Dismiss recently filed, **the Debtor has begun making payments to the Trustee on a monthly basis.**

13. The **Debtor should have only paid Midland Mortgage $107.29 per month.**

**14. The Debtor should have been paying the Trustee $750.06 per month.**

**15**. However, **since this is a Total Debt Plan, the Mortgage Company is being paid directly and has resulted in no prejudice or financial harm to the mortgage company.**

16. The **Trustee understandably filed a Motion to Dismiss from the Stay because they had not been paid since October 10, 2019  and there is presently a claimed arrears of $3,602.02. (See Trustee payment Claim Summary and Account Ledger).**

**Q. However, the Debtor made Money Order payments** drawn on Wells Fargo Bank for this period of delinquency to the Trustee, for the following months and should be given credit as follows:

|  | Dated | Amount Paid |
|---|---|---|
| 1. Wells Fargo Bank Personal Money Order No: 6891804952<br>A. Date Cashed: 10-8-19 | 09-30-19 | $975.00 |
| 2. Wells Fargo Bank Personal Money Order No: 6801804975<br>A. Date Cashed: 11-13-19 | 10-31-19 | $977.00 |
| 3. Wells Fargo Bank Personal Money Order No: 6801804999<br>A. Date Cashed by Bank: 1-2-2020 | 11-25-19 | $977.00 |
| 4. Wells Fargo Bank Personal Money Order No: 6798613869<br>A. Date Cashed: 12-5-19 | 11-25-19 | $135.00 |
| 5. Wells Fargo Bank Personal Money Order No: 6798613978<br>A. Date Cashed: 1-2-20 | 12-27-19 | $1,000.00 |
| 6. Wells Fargo Bank Personal Money Order No: 6798614077<br>A. Date Cashed: 2-6-20 | 01-28-20 | $1,000.00 |
| 7. Wells Fargo Bank Personal Money Order No: 6798614191<br>A. Date Cashed: 03-11-20 | 03-03-20 | $950.00 |
| 8. Wells Fargo Bank Personal Money Order No: 6801805109<br>A. Date Cashed: 04-22-20 | 03-31-20 | $1,000.00 |
| 9. Wells Fargo Bank Personal Money Order No: 6801805127<br>A. Date Cashed: 05-12-20 | 04-29-20 | $1,000.00 |

**Total Payments Made Directly to Midland Mortgage**     **$7,014.00**

17 As can be seen, **the Debtor has made Post Petition payments in the amount of $7,014.00 directly to the Mortgage Company** that he should in all fairness and equity be given credit for. **(See attached Money Order receipts from Wells Fargo Bank showing Front and Back as Exhibit).**

**18. During this time period from the signing of the Stipulation the Debtor should only have paid $107.29 beginning in July of 2019 thru the present June of 2020 (12 Months) for a total of $1,287.48.**

   A. Debtor has paid:                        $7,014.00
     Debtor owed per Stipulation       - $1,287.48
     Net Credit to be given to Debtor:     $5,726.52

19. The Debtor's current delinquency according the Trustee Case Summary under National Document Center states that the Debtor is delinquent $3,602.02, dated July 28, 2020.

20. **The Debtor has paid into the plan already $18,439.00.**

21. The Debtor's Total Debt plan and the Mortgage Company's Proof of Claim is $30,956.88.

22. The Debtor has paid an additional $7,014.00 directly to the Mortgage company when he only owed them $1,287.4 8 and therefore the Debtor should be given a credit of $5,726.52 for his direct Post Petition Mortgage Payments to Mid First Bank c/o Midland Mortgage.

23. The Debtor has provided proofs of payment directly to the Mortgage Company wherein they have cashed the Money Orders (See attached Exhibits showing Money Order Payments).

24. The Debtor has resumed payments to the Trustee and $1,000.00 Money Order payment has posted on June 9, 2020 (See attached).

25. The Debtor is prepared to make his payments going forward directly to the Trustee, now that this mistake has been brought to the Debtor's attention.

26. The Debtor seeks a net credit in the amount of $5,726.52 due to his direct payments to the Mortgage company.

27. The Mortgage Company acknowledges that the Debtor has completely paid up his Stipulation payments and that this is a Total Debt claim and furthermore that there is a minimum in suspense (credit-overpayment) in the amount of $2,750.00.

28. The Mortgage Company is in Agreement that this credit should be given to the Debtor.

29. Debtor seeks therefore a modification of the existing Plan and that he be given credit for his direct payments to the Mortgage company in lieu of paying the Trustee for the months he missed, since this is a Total Debt Plan.

30. Debtor now asks the court that he resume making his regular montly payments in the amount of $750.00 going forward, directly to the Trustee and the Trustee monthly payment in the amount will not change.

31. The Total Base Plan in the amount of $44,542.71 will remain the same and not change.

32. Further, if there is a deficiency in the amount of the base plan owed to the Trustee, at the end of the Plan, the Debtor proposes to make a balloon payment at the end of the Plan period to satisfy and deficiency or delinquency, after all of his credit has been applied (See attached proposed Amended Chapter 13 Plan Post Confirmation).

**33. There is no prejudice to the Mortgage company because this is a Total Debt Payment Plan and no further Post Petition payments are required except for the $750.00 required monthly payment to the Trustee.**

34. With the credit which rightfully should be given to the Debtor, in the interest of fairness and justice, there is no prejudice and no financial loss to the Mortgage company. The Mortgage company is still receiving all of its money due and owing under the Modified Plan.

**35. In the interest of fairness and justice the Debtor respectfully prays that he be given the credit of $5,726.52 and that he continue to make and resume his payments directly to the Trustee as stated in this would be confirmed Plan.**

**36. The Debtor attests in good faith that he will continue to do that and make his Trustee payments.**

**37. The Debtor presently has more credit than is owed to the Trustee if the Court looks at the equities of payments in this matter and gives him the credit he so deserves for these payments. Further, the Debtor clearly wants to keep his home as he has been making payments on his Mortgage for this Total Debt Payment Plan.**

   Wherefore the Debtor Zachary Scott prays your Honorable Court to grant the Debtor's Motion to Amend the Chapter 13 Plan Post Confirmation for the reasons stated herein.

                **Respectfully Submitted:**

                **/s/ Vaughn A. Booker, Esquire**
                **Vaughn A. Booker, Esquire**
                **Attorney for Debtor,**
                **Zachary Scott**

**Dated: July 29, 2020**

## IN THE UNITED STATES DISTRICT BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Vaughn A. Booker, Esquire**          **Attorney for Debtor,**
**1420 Walnut Street, Suite 815**      **Zachary Scott**
**Philadelphia, Pennsylvania 19102**
**Telephone No: (215) 545-0474**
**Facsimile: (215) 545-0656**
**Attorney I.D. No: 42312**
**vbs00001@aol.com**

_____

**In Re:**                              :  **Chapter 13 Bankruptcy**

    **Zachary Scott**                     :  **No: 18-10245-MDC**


_____:


### O R D E R

   And Now to wit, this _____ day of _____, 2020 and based upon the within Motion of the Debtor Zachary Scott to Modify his Plan Post Confirmation, it is Hereby Ordered and Decreed that Motion is Granted and that the Debtor is allowed to file an Amended Chapter 13 Plain giving him the Credit he made directly to Mid First Bank a/k/a Midland Mortgage Company on this Total Debt Payment Plan, as payment to be applied as payment to the Trustee and as reflected in the attached Modified Plan to be filed.

                                               **By the Court:**


                                               _____
                                                              **J.**